## 9955

## J. VAN LINDLEY NURSERY CO. v. SOUTHERN RY. CO.

### (96 S. E. 221.)

1. APPEAL AND ERROR—CONSIDERATION OF FEDERAL STATUTE—AUTHORITY—RAISING QUESTION IN TRIAL COURT.—In an action against a carrier for damages to a shipment, where the question of the necessity for written notice to the carrier of the shipper's claim was raised in the Circuit Court, a proviso of the Federal Interstate Commerce Act may be considered on appeal, though such act was not cited to the Judge of the Circuit Court.

2. COMMERCE—INTERSTATE COMMERCE—FEDERAL STATUTE.—The proviso of the Interstate Commerce Act Feb. 4, 1887, c. 104, sec. 20, 24 Stat. 286, as amended by Act Cong. June 29, 1906, c. 3591, sec. 7, par. 11, 34 Stat. 595 (U. S. Comp. St. 1916, sec. 8604a), that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or to damage in transit by carelessness or negligence, then no notice of filing of claim shall be required as a condition precedent to recovery against a carrier, was conclusive authority in an action for damage to an interstate shipment.

3. CARRIERS — CARRIAGE OF FREIGHT — NOTICE OF CLAIM — INTERSTATE SHIPMENT.—Filing of suit against a carrier within four months for damage to an interstate shipment, under the proviso of the Federal Interstate Commerce Act that if the loss, damage, or injury was due to delay or damage while being loaded or unloaded, or to carelessness or negligence while in transit, no notice of filing of claim shall be required as a condition precedent to recovery, was sufficient compliance with the stipulation in the bill of lading that claims must be made in writing to the carrier at the point of delivery or of origin within four months.

Before RICE, J., Bamberg, Summer term, 1916. Reversed.

Action by the J. Van Lindley Nursery Co. against the Southern Railway Company. From judgment of the Circuit Court, reversing judgment of the magistrate's Court, it appeals.

*Messrs. E. H. Henderson* and *Carter & Carter,* for appellant, submit: *The bringing of the suit within the four months is a substantial compliance with the terms of the bill*

*of lading:* 36 Sup. Ct. Rep. 541; 5 Ala. A 644; 59 Sou. 538; 76 S. C. 253; 77 S. C. 380; 4 R. C. L., sec. 254; 84 S. C. 252; 91 S. C. 506.    *No necessity to file a formal proof of claim where defendant already knows of the claim:* 84 S. C. 252; 91 S. C. 506.    *There was no necessity to file claim in this case:* Acts of 63d Congress, p. 1197, Ch. 176.

*Messrs. B. L. Abney* and *Francis F. Carroll,* for respondent.

April 16, 1918.

The opinion of the Court was delivered by Mr. Justice Fraser.

This appeal is from the following judgment:

"The above cause involved a claim for damages to a shipment of fruit and ornamental trees from Greensboro, N. C., to Olar, S. C.    The magistrate rendered a judgment in favor of the plaintiff for $100, and from this judgment defendant appealed, and the appeal was heard by me at the Summer, 1916, term of Court for said county.    The main, and practically the only, point worth considering, raised by the exceptions, is whether or not the magistrate was in error in refusing the nonsuit moved for, on the ground that no claim had been filed by the plaintiff, as required by the bill of lading, before suit brought.    The contention of the plaintiff is that the bringing of the suit is a sufficient filing of the claim.

"The clause or condition in the bill of lading is as follows:

'Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery, or at the point of origin, within four months after a reasonable time for delivery has elapsed.    Unless claims are so made, the carrier shall not be liable.'

"The suit was brought within four months, but no claim was filed as required by the above stipulation. There are no facts in the case from which any waiver of this stipulation might be inferred, and there is no contention that there was any waiver. I don't think there can be any doubt about the reasonableness of the stipulation.

" 'It is impossible for these companies to keep up with all the mistakes of their employees and the inquiries arising therefrom; and, while they may be clearly liable for claims presented, and for which they would readily, without suit, indemnify the injured party, yet if they have no facts on which to base an investigation, in order to determine whether they are liable, they would very probably be heavily taxed with an expense litigation.'

"The foregoing is taken from Jones on Telegraph and Telephone Companies, but I think applies equally to common carriers of freight. I am satisfied, therefore, that the magistrate was in error in refusing the nonsuit, and his judgment must be reversed. This does not mean, however, that the plaintiff is without remedy. It may be that it will be held that what has already been done by it will be sufficient notice to the carrier upon which to found a suit hereafter.

"It is, therefore, ordered that the judgment of the magistrate be reversed. (Sig.) H. F. Rice, Presiding Judge."

The proviso to the act of Congress reads:

*"Provided, however,* That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of * * * filing of claim shall be required as a condition precedent to recovery." U. S. Comp. St. 1916, sec. 8604a.

The respondent objects to the consideration of this proviso, on the ground that the attention of the Circuit Judge

was not called to the statute. The question of the necessity for a written notice was raised. While the proper authority was not cited to the trial Judge, the point was made. The authority was conclusive. The filing of the suit within the time specified was a sufficient compliance with the stipulation.

The judgment is reversed.